{¶ 29} It is difficult to imagine that Ohio law prohibits direct payment of child support by a responsible non-custodial parent to the custodial parent, especially when there is no evidence of prior non-payment by the non-custodial parent. That, however, is the current state of the law in Ohio.
 {¶ 30} In Ohio, upon issuing or modifying a support order, issuing any withholding or deduction notice, or issuing any specified enforcement order, the court or CSEA must require that support payments be made tothe Office of Child Support in the ODJFS, as trustee, for remittance to the person entitled to receive payments, with certain exceptions R.C.3121.44.
 {¶ 31} Requiring responsible non-custodial parents to pay support through CSEA adds a percentage processing charge that only benefits the bureaucracy funded by the fees collected for processing support payments. Responsible parents would prefer that those dollars be spent for their children.
 {¶ 32} Federal law permits states to obtain exemptions to the immediate withholding — CSEA payment requirement for (i) good cause or (ii) an alternate agreement between the parents, 45 C.F.R. Chap. III, § 303.100 (b)(1) and (3). Other states, including Indiana, Iowa, Michigan, Minnesota, and Wisconsin have obtained such exemptions and have adopted legislation providing for such alternatives to direct withholding. See Ind. Code § 31-16-9-1 (support payments shall be made through the clerk of the circuit court "unless the court has reasonable grounds for providing or approving another method of payment"); Iowa Code § 598.22A(1) (a payment shall be credited in the official records "if its validity is confirmed by the court upon submission of an affidavit by the person entitled to receive the payment"); Mich. Comp. Laws § 552.604(3)(b)(ii) (income withholding mandatory unless "[t]he parties enter into a written agreement that is reviewed * * * by the court that provides for * * * [a]n alternative payment arrangement"); Minn. Stat. § 518.551(1)(b) (payment to a public agency mandatory where "obligee is receiving or has applied for public assistance, or has applied for child support and maintenance collection services"); Wis. Stat. § 767.32(1r) (c) (a payment may be credited where the obligor "proves * * *, with evidence of a written agreement, that the payee expressly agreed to accept the payments in lieu of child or family support paid [through income withholding or a public collection agency]").
 {¶ 33} Ohio, unfortunately, has not passed similar legislation.
 {¶ 34} Under current Ohio law, direct payment between parents in lieu of withholding is not permitted. In fact, Ohio law deems such payment between parents as a gift. R.C. 3121.45.
 {¶ 35} While such treatment of a responsible non-custodial spouse's direct payment of child support, with the consent of the custodial spouse, is inequitable and incongruous, it is current law. The Legislature should promptly correct this inequity by applying to the federal government and subsequently modifying Ohio law to allow for good cause and alternative arrangement exceptions to direct withholding for responsible non-custodial parents, such as appellant. Such modification would respect the responsible non-custodial parents' performance of their legal responsibilities, while still providing support for their children, without payment of a processing charge to the State.
 {¶ 36} Unfortunately, until Ohio law is changed, our hands are tied. For that reason, I reluctantly concur in judgment only.